## PROSECUTION FOR FAILURE TO PROVIDE FOR CHILD.

Court of Appeals for Columbiana County.

WILLIAM ELEM v. STATE OF OHIO.

Decided, April 8, 1915.

*Parent and Child—Knowledge of Child's Need Will be Imputed to Parent
—Demand for Aid or Maintenance Not a Pre-requisite to Prosecu-
tion for Failure to Provide for Child—Section 13008.*

A parent who is able by reason of property, labor or earnings to pro-
vide care or maintenance of his or her child under sixteen years
of age, may be convicted of failure so to do without proof of
notice that the child is in need or of a demand or request that
such care or maintenance be provided.

*George T. Farrell,* for plaintiff in error.
*William H. Vodrey,* Prosecuting Attorney, contra.

HOUCK, J. (sitting in place of Spence, J.).

This cause is here on error from the common pleas court of
this county, seeking to reverse a judgment of conviction, wherein
the plaintiff in error, the defendant below, was convicted upon an
indictment in which he was alleged to have failed, neglected and
refused to furnish food, clothing, proper care and maintenance,
to and for his bastard child, the indictment and conviction being
under favor of Section 13008 of the General Code, which is as
follows:

"Whoever, being the father, or when charged by law with the
maintenance thereof, the mother of a legitimate or illegitimate
child under sixteen years of age, or the husband of a pregnant
woman, living in this state, being able by reason of property,
or by labor or earnings, to provide such child or such woman
with necessary or proper home, care, food and clothing, neglects
or refuses so to do, shall be imprisoned in a jail or workhouse
at hard labor not less than six months nor more than one year,
or in the penitentiary not less than one year nor more than three
years."

The defendant below was tried and convicted. A motion for a new trial was filed, heard and overruled, and to the overruling of the same the defendant prosecutes error to this court, seeking a reversal of the judgment below.

Counsel for the accused contends that the evidence offered in the case does not show or prove that the accused is the father of said bastard child; and, further, that no demand or request was made at any time by any one for him to support or maintain said child, and therefore the verdict of the jury is against the weight of the evidence and contrary to law.

The statute in question was enacted by our Legislature for a purpose, and we think it is a proper and humane one, and is for the purpose of aiding and protecting communities and society to bring about the proper care and support of children by parents, whether they be born in or out of lawful wedlock, if the parent has the means and property for so doing, which the record shows the defendant possessed at this time.

Speaking from the record in this case, the accused associated with and kept the company of the prosecuting witness. He had sexual intercourse with her, and gratified his passions and desires, and is therefore not only morally, but legally responsible for his acts and conduct, which, in this case, resulted in bringing into this life a bastard child, and is chargeable for its maintenance and support if he is proven, under the evidence, applying the proper rules of law thereto, to be the father of said child. We have examined the record and the testimony. The defendant below was represented by able counsel, and he had a fair and impartial trial.

It is the claim of counsel for the accused that the judgment below should be reversed. We think there is but one proper and reasonable answer to this, in the face of the record and the law applicable to the case at bar.

It is a well established principle of law in this state that a father is bound to know when his child is in need of food, clothing, care and support. He, being the father, is not only required to, but in law is bound to know it, and the law does not require him to be notified of that fact. The father owes to himself and the public the duty of taking care of and supporting his child,

and the fact that no one called his attention to the needs of the child does not remove his moral, and his legal obligation as well, to his offspring, under the section of our statutes heretofore referred to.

It will be noticed that the statute under favor of which the accused was tried and convicted does not, by any terms therein, require that a demand or request shall be made upon the father for the performance of the duty enjoined and required of him in said statute. Nor, if effect is given to all the terms thereof, does it appear that such demand, or notice, or request, is required by implication.

We believe that these principles of law are sound; and applying them to the facts and evidence as disclosed by the record in this case, so far as this court is concerned, we are of the opinion that the defendant was properly and legally convicted, and that the verdict of the jury and judgment of conviction should stand, and that the defendant must atone to the offended law.

The judgment below is affirmed.

POLLOCK, J., and METCALFE, J., concur.