Jones, P. J.
The original action was brought by Frank Schmid, by his father and next friend, *25 Albert Schmid, against Amanda Schmid, as defendant, in the court of common pleas of Hamilton county, Ohio, division of domestic relations, for divorce, on the grounds of extreme cruelty and gross neglect of duty.
As amended the petition alleged that plaintiff was and had been a resident of the state of Ohio for more than one year, and of Clermont county for more than thirty days prior to the filing of the petition, and that the acts of which he complained occurred in the county of Hamilton and state of Ohio.
The defendant was personally served with summons and a copy of the petition. She filed no answer or demurrer, and when the case came on for hearing she did not appear and was not represented by counsel. And the court of its own motion, upon the allegations of the petition, without having heard any evidence, entered judgment dismissing plaintiff’s petition without a hearing, on the ground that the court had no jurisdiction of the action because the plaintiff was not a resident of Hamilton county.
This error proceeding was then filed to secure a reversal of that judgment.
In the case of Pappalardo et al. v. Pappalardo, 6 Ohio App., 291, decided by this court January 8, 1917, we had occasion to consider the jurisdiction of the court of appeals, under the present law, to review a decree of divorce granted by the court of common pleas, and we there held that a judgment granting a divorce is not subject to such review because contrary to public policy and the uniform decisions of our courts.
*26 In the instant ease, however, no decree for divorce was granted, nor was it refused, but the court refused to hear the case and dismissed the petition without a hearing, holding that it had no jurisdiction of the action for the reason that the petition disclosed that the plaintiff was not a resident of Hamilton county, but a resident of Clermont county, Ohio. The reasons for the refusal to entertain error proceedings in the Pappalardo case, therefore, do not obtain here, and this court has jurisdiction in this case. This by analogy is shown •to be the policy of the law by the terms of Section 12002, General Code, which provides that no appeal shall be allowed from a judgment' or order in divorce cases “except from an order dismissing the petition without final hearing." The change in Section 6, Article IV of the Constitution, defining the jurisdiction of the court of appeals, would not permit the hearing of the case on appeal de novo, but the fact that the section has not been repealed indicates the legislative intent that a review should be had where there has been no final hearing.
The statutes in relation to divorce and alimony are found in Title IV, Division VII, Chapter 3, containing Sections 11979 to 12003, inclusive, General. Code. Section 11980 now reads as follows:
“Except in an action for alimony alone, the plaintiff must have been a resident of the state at least one year before filing the petition. Actions for divorce or for alimony shall be brought in the county of which the plaintiff is and has been for at least thirty days immediately preceding the filing of -the petition, a bona fide resident or in the county where the cause of action arose. The court shall *27 hear and determine the case, whether the marriage took place, or the cause of divorce occurred, within or without the state.”
By the terms of the above section, in order to bring an action in this county, the following requirements must appear in plaintiff’s petition:
1. Plaintiff must have been a resident of the state at least one year before filing his petition.
2. The action shall be brought (a) in the county of which the plaintiff is, and has been for at least thirty days immediately preceding the filing of the petition, a bona fide resident; (b) or in the county where the cause of action arose.
The requirement as to thirty days residence in the county was inserted in the recent amendment of this section, found in 106 Ohio Laws, 339, but in other respects the wording of the section in the General Code is substantially the same as it' appeared in Section -5690, Revised Statutes, and as it has stood for many years.
The language employed clearly provides that the action may be brought either in the county where the plaintiff resides or in the county where the cause of action arose. The meaning of the language is clear and without ambiguity. The use of the disjunctive “or” provides for an action in either county. To hold otherwise 'would be to eliminate an entire clause from the section, or to ignore the clear import of the words used. All rules of statutory construction require that a statute should be so construed as to give force and effect to every part of it.
The meaning of this section is so clear that it is entirely unnecessary to consider the reason for its *28 .provisions. But it can be readily seen that while ;it is usually a matter of convenience for a plaintiff to bring his action in the county of his residence, it might in some cases be much less expensive and -more convenient to bring the action in the county where the cause of action arose and where the -necessary witnesses reside and are available These, however, are matters for 'the consideration of the legislature; and, where the meaning is clear, as we find it to be in this provision, nothing remains but to follow the law as it is written.
The petition in this case contains all the necessary averments as to the jurisdiction, and the court below was clearly in error in refusing to hear the case.
' Judgment reversed and cause remanded to the court below with instructions to hear and determine the case, and for such proceedings as may be. authorized by law.
Judgment reversed, and cause remanded.
Gorman and Hamilton, JJ., concur.