Shohl, P. J.
On January 30, 1919, Frank L. McCord brought suit in the court of common pleas against The Central Trust & Safe Deposit Company, as executor of the estate of James W. McCord, his father. The court sustained a demurrer to the petition and to an amended petition. Plaintiff then filed a second amended petition, to which a demurrer was sustained, and, upon plaintiff’s inability to plead further, judgment was rendered in favor of the defendant.
The second amended petition alleges that on or about November 27, 1907, the wife of James W. McCord inherited an estate of about $1500 from her sister; that at that time she was of unsound mind, and on March 10, 1908, the executrix of her sister knowing of her mental condition and that she was not capable of properly looking after and caring for her interest in the estate sent $1000 of the money to her husband, James W. McCord; that on June 27, 1908, plaintiff’s mother died intestate; and that, thereafter, James W. McCord, without causing administration to be had upon the estate of his wife, aclfed as-administrator and received as such fronjfthe estate of his deceased wife’s sister the balance of the inheritance due his wife, namely $513, and distributed said inheritance among his children, refusing, however, to give to the plaintiff his full share of such inheritance, and never did. Plaintiff exhibits an account which is made a part of the petition, showing the amount received by him, and claims a balance due, amounting, with interest from February 1, 1911, to the sum of $533.20, for which he prays for an accounting and for judgment and for all proper relief. *28 The court of. common pleas held on demurrer that the petition shows on its face that the action was not brought within the time limited for the bringing of such actions.
Plaintiff in error urges that the facts make out a case of continuing and subsisting trust, and that, therefore, under Section 11236, General Code, the statute of limitations is not a 'bar. To come within the provisions of that section the case must fall within a class of technical or direct trusts, in which there is no remedy at law to which a limitation has been fixed.
The facts alleged do not show an agreement to hold as trustee, either express or implied, nor do they make out a trust which results from express or implied agreement. It is rather of the character of a constructive trust. (1 Perry on Trusts [6 ed.], Section 166.) There is no averment of any agreement or promise whatsoever on the part of James W. McCord, nor would the allegations of conclusions of law take the place of averments, of fact. (P., C. & St. L. Ry. Co. v. Moore, 33 Ohio St., 384.) The situation is analogous to that pre-' sented by the case of Douglas v. Corry, Exrx., 46 Ohio St., 349. In that case an attorney had collected money which belonged to a client, which he was under the duty of turning over' to her, but which he did not do. It was held that this did not create a continuing and subsisting trust and that the statute of limitations ran from the time the money was received and should have been turned over. No equitable relief was required. The proper remedy would have been a plain action at law for money had and received. See also Mc *29 Cauley, Recr., v. German Natl. Bank, 17 N. P., N. S., 305, and cases therein cited.
Plaintiff’s mother by reason of her disability was unable to bring suit, but if any right ever accrued to plaintiff it arose at her death, which was more than six years prior to the 30th day of January, 1919. The court of common pleas was correct in deciding that the petition showed on its face that the 'claim was barred by the statute of limitations.
But there is a further consideration.' The petition shows that the money belonged not to the plaintiff, but to his mother. In the absence of special circumstances, the next of kin cannot maintain actions in their own name to recover unadministered personal estate of the decedent or collect debts or other choses of action due him. Such actions can be maintained only by the personal representative of the deceased. McBride, Admr., v. Vance, 73 Ohio St., 258, and Davis v. Corwine, 25 Ohio St., 668. See note to Buchanan v. Buchanan, 22 L. R. A., N. S., 454.
It is unnecessary to advert to the fact that if the property of Mrs. McCord were to be administered it would be subject to the payment of her debts and to the rights of her widower under the statute.
The judgment will be affirmed.

Judgment affirmed.

Hamilton and Cushing, JJ., concur.