NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1845
_____

SANTOS GUILLEN-URQUILLA
a/k/a
Santos Gullian,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A077-444-729)
Immigration Judge:  John P. Ellington
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 12, 2019

Before:  RESTREPO, ROTH and FISHER, *Circuit Judges*.

(Filed: May 4, 2020)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Santos Guillen-Urquilla, a Salvadoran citizen, entered the United States in 1998. Although ordered removed soon after his arrival, he stayed in the United States. He was removed to El Salvador in 2007 but reentered the United States after two months. In 2013, the Department of Homeland Security reinstated his prior removal order. In 2018, Guillen-Urquilla applied for withholding of removal and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied relief, and the Board of Immigration Appeals (BIA) dismissed his appeal. Guillen-Urquilla petitions for review. We will deny his petition.[1]

Guillen-Urquilla argues that the IJ and BIA failed to adequately analyze his claim for withholding of removal.[2] The agency held that Guillen-Urquilla was ineligible for such relief because he did not show a nexus between any of his proffered protected grounds and his alleged persecution, the past harm he suffered does not rise to the level

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's opinion and "consider the IJ's opinion where the [BIA] adopted or deferred to the IJ's reasoning." *Radiowala v. Att'y Gen.*, 930 F.3d 577, 581 (3d Cir. 2019). Factual determinations are reviewed for substantial evidence—that is, they "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).
[2] A noncitizen may not be removed if he demonstrates that it is more likely than not "that [his] life or freedom would be threatened" on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A). To meet this standard, he can show that he was persecuted on account of a protected ground, in which case there is a presumption that he will face future persecution; or he can show that he fears future persecution on account of a protected ground regardless of any past harm. 8 C.F.R. § 208.16(b). He must also establish that he was persecuted by "forces the government is either unable or unwilling to control." *Garcia v. Att'y Gen.*, 665 F.3d 496, 503 (3d Cir. 2011) (quoting *Sukwanputra v. Gonzales*, 434 F.3d 627, 637 (3d Cir. 2006)).

of persecution, he failed to show an objectively reasonable fear of future persecution, and there was insufficient evidence that the Salvadoran government is unable or unwilling to control his alleged persecutors. Guillen-Urquilla challenges certain of these determinations, but they are supported by substantial evidence.

Guillen-Urquilla primarily argues that the IJ and BIA erred in holding that his political opinion was not at least one central reason for his alleged persecution. Specifically, he claims that the agency did not analyze his political opinion as a protected ground and failed to consider that "his persecutors had multiple reasons to target him."[3] However, the IJ concluded, and the BIA agreed, that Guillen-Urquilla's involvement with the ARENA party "was not *a central reason* for [his] on-going harassment by gang members" because the gang's *primary* "motive for targeting [him] was monetary."[4] Although acknowledging that Guillen-Urquilla's initial encounter with the gang may have been politically related, the IJ and BIA found that thirteen out of his fifteen encounters with the gang during the two months he was in El Salvador "involved them asking him for money" and that he ultimately returned to the United States because he

---

[3] Pet'r Br. 29.

[4] App. 12 (emphasis added). A protected ground must have been at least one "principal reason for [an applicant's] persecution"; "withholding of removal [will be denied] when the characteristic at issue 'played only an incidental, tangential, or superficial role.'" *Gonzalez-Posadas v. Att'y Gen.*, 781 F.3d 677, 685 (3d Cir. 2015) (quoting *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 130 (3d Cir. 2009)). "[I]solated criminal acts do not constitute persecution on account of a protected characteristic." *Id.*

3

was "unable to pay."[5] "[W]hile other interpretations of the record are certainly possible," substantial evidence supports this conclusion.[6]

Guillen-Urquilla also contends that the IJ and BIA "erred in failing to find past persecution where [he] was beaten, threatened with death, forced from employment and extorted."[7] Such harm, he argues, when "[t]aken in the aggregate, . . . rise[s] to the level of persecution."[8] The BIA agreed with the IJ that although Guillen-Urquilla "received a minor beating from gang members and received threats," this harm does not rise to the extreme level of persecution.[9] We are not compelled to reach a contrary result.

Guillen-Urquilla further argues that the IJ and BIA erred in concluding that the Salvadoran government is not unwilling or unable to protect him. He contends that the agency relied on an improper legal standard and ignored evidence he presented. However, both the IJ and BIA considered whether Salvadoran authorities are unwilling or unable to protect Guillen-Urquilla as a victim of private criminal activity. The IJ noted

---

[5] App. 12.

[6] *Gonzalez-Posadas*, 781 F.3d at 687.

[7] Pet'r Br. 29.

[8] Pet'r Br. 32.

[9] App. 12–13. Persecution "include[s] 'threats to life, confinement, torture, and economic restrictions so severe that they constitute a real threat to life or freedom.'" *Chavarria v. Gonzales*, 446 F.3d 508, 518 (3d Cir. 2006) (quoting *Lukwago v. Ashcroft*, 329 F.3d 157, 168 (3d Cir. 2003)); *see also, e.g.*, *Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 108 (3d Cir. 2020) (threat may constitute persecution when it was "concrete and menacing," "plac[ing] a petitioner's life in peril or creat[ing] an atmosphere of fear so oppressive that it severely curtailed [his] liberty"); *Kibinda v. Att'y Gen.*, 477 F.3d 113, 117, 119–20 (3d Cir. 2007) (five-day detention, during which prison guard threw heavy object at petitioner, did not constitute persecution).

that El Salvador struggles to control gang violence but ultimately concluded that there was insufficient evidence that the government would "refus[e] to act" or that the "problems are so overwhelming" as to prevent security forces from acting to protect Guillen-Urquilla.[10] Guillen-Urquilla points to no evidence that would compel us to reach a contrary conclusion.[11]

Finally, Guillen-Urquilla challenges the denial of his CAT claim, arguing that the IJ and BIA failed to consider all relevant evidence. The IJ held, and the BIA agreed, that Guillen-Urquilla failed to meet his weighty burden of showing that it is more likely than not that he would be subjected to "severe pain or suffering" "by or at the instigation of or with the consent or acquiescence of [Salvadoran authorities]."[12] The IJ stated that there was "no evidence of past torture" and "nothing in the overall record to suggest that police would not respond and would fail [to] assist [Guillen-Urquilla]."[13] Guillen-Urquilla fails to point to any specific evidence to challenge the agency's findings. And we have identified no evidence that would compel a conclusion that he will face such extreme suffering with the consent or acquiescence of Salvadoran authorities. Thus, the agency's

---

[10] App. 25.

[11] To be sure, both the IJ and BIA mentioned *Matter of A-B-*, 27 I. & N. Dec. 316 (A.G. 2018), and it remains unclear whether that decision changed the current legal standard, *see Grace v. Whitaker*, 344 F. Supp. 3d 96, 130, 146 (D.D.C. 2018), *appeal docketed*, No. 19-5013 (D.C. Cir. Jan. 30, 2019). Nevertheless, as mentioned above, the agency rested its conclusion on the unwilling or unable to control standard.

[12] 8 C.F.R. § 208.18(a)(1).

[13] App. 26.

5

determinations are supported by substantial evidence.

For the foregoing reasons, we will deny Guillen-Urquilla's petition for review.