NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2190
_____

DARRELL E. WILLIAMS,
Appellant

v.

ALLEGHENY COUNTY, as owner and operator of John J. Kane Regional Center-SC,
DBA Kane Scott Center; AETNA HEALTH INC; AETNA INC; AETNA LIFE
INSURANCE CO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-21-cv-00656)
District Judge: Honorable William S. Stickman, IV
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2024

Before: HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: August 15, 2024)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Darrell E. Williams sued the Kane Scott Center, as well as the Aetna Life Insurance Company and related entities, on behalf of the Estate of Ms. Moneena Williams. He brought a claim against Kane under 42 U.S.C. § 1983, alleging that Kane deprived Ms. Williams of her civil rights by violating the Nursing Home Reform Act (NHRA). He also brought state-law claims for breach of fiduciary duty, breach of contract, and breach of good faith and fair dealing against Aetna, alleging that it wrongfully terminated Ms. Williams' coverage for skilled nursing facility services. The parties filed cross-motions for summary judgment. The District Court denied Williams' motion and granted Kane's and Aetna's motions. We will affirm.[1]

## I.

With respect to Williams' motion for summary judgment on his claims against Kane and Aetna, he bears "the initial responsibility of informing the district court of the basis for [his] motion, and identifying those portions of [the record] which [he] believes demonstrate the absence of a genuine issue of material fact."[2] Only then is he entitled to judgment as a matter of law.[3] The District Court held that Williams failed to meet that burden because his motion and supporting memorandum contained no citations to the

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question). This Court has jurisdiction under 28 U.S.C. § 1291 (final decisions of district courts). We exercise plenary review over an order resolving cross-motions for summary judgment, and apply the same standard that the District Court was obligated to apply. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3] *Id.* at 322 (citing Fed. R. Civ. P. 56(c)).

record, did not distinguish between his claim against Kane and his claims against the Aetna Defendants, and failed to cite any "applicable law" or explain why he was "entitled to judgment as a matter of law" as required by the Western District of Pennsylvania's Local Rules of Court.[4] We agree.

On appeal, Williams argues (again without pointing to any supporting authority) that these infirmities can be forgiven because he filed a Concise Statement of Undisputed Facts along with his motion. But a district court "may not rely solely on the statement of undisputed facts" when ruling on summary judgment.[5] It is the movant's job to demonstrate why, under applicable law, the relevant facts entitle him to judgment as a matter of law. Williams failed to do that here. At most, he raised a "skeletal argument" which is "nothing more than an assertion" and does not preserve a claim on summary judgment.[6] The Court correctly denied Williams' summary judgment motion.[7]

---

[4] App. 11 (quoting LCvR 56(B)(2)). "App." citations are to the Appendix, provided by Williams. "Supp. App." citations are to the supplemental appendix, provided by Appellees.

[5] *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

[6] *United States v. Starnes*, 583 F.3d 196, 216 (3d Cir. 2009) (citation omitted).

[7] Kane correctly points out that the portion of the District Court's order denying Williams' motion for summary judgment was not included in his notice of appeal. But when from the "subsequent proceedings on appeal it appears that the appeal was intended to have been taken from an unspecified judgment order or part thereof," we may construe the notice as "bringing up the unspecified order for review." *Elfman Motors, Inc. v. Chrysler Corp.*, 567 F.2d 1252, 1254 (3d Cir. 1977).

II.

Williams next argues that the District Court erred in granting Kane's motion for summary judgment. Count I of Williams' complaint asserts a claim under § 1983 against Kane, alleging that Kane deprived Ms. Williams of her civil rights by violating the NHRA. As the non-moving party, Williams "must set forth specific facts showing that there is a genuine issue for trial."[8] Because he did not identify such facts, we agree with the District Court that summary judgment in Kane's favor was appropriate.

Section 1983 "does not create substantive rights, but provides a remedy for the violation of rights created by federal law."[9] So, to avoid summary judgment, Williams must establish that Ms. Williams was deprived of a federal right by someone acting under color of law.[10] Because a municipal government entity (Allegheny County) owns and operates Kane, Williams further needed to demonstrate that Kane violated Ms. Williams' rights pursuant to its own policy or custom,[11] and that such a policy or custom was the proximate cause of Ms. Williams' injuries.[12] Williams failed to do so.

The NHRA requires that nursing facilities maintain records, including the plans of care, for their residents.[13] Williams argues again on appeal that Kane staff violated Ms.

---

[8] *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir. 1985) (quoting Fed. R. Civ. P. 56(e)).
[9] *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995).
[10] *Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005).
[11] *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990); *see also Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978).
[12] *Id.*
[13] 42 U.S.C. § 1396r(b)(6)(C).

4

Williams' NHRA rights—and Kane's own policy—by failing to sufficiently document the wound on Ms. Williams' leg between May 24, 2019 and May 28, 2019. But Kane's policy only required documentation of a change in the wound,[14] so if it remained unchanged during that period, no recordkeeping would have been required.

It follows that, in order to prove that Kane staff violated the NHRA, Williams was required to show that her wound changed during the relevant period. He failed to do so. Williams relied on an expert who opined that Ms. Williams' wound worsened between May 24 and May 28.[15] But this expert was not in Ms. Williams' room during that time and did not talk to the wound care staff members. Williams did not file depositions, affidavits, or stipulations from Kane's wound care team or Ms. Williams' vascular surgeon. Because he was unable to point to any firsthand record evidence demonstrating that the wound worsened, there is no basis upon which a reasonable factfinder could conclude that: (1) Williams established that Kane violated Ms. Williams' rights under the NHRA; or (2) Kane's conduct was the proximate cause of Ms. Williams' injury. We thus affirm the District Court's grant of summary judgment to Kane.

III.

Finally, Williams argues that summary judgment should not have been granted to Aetna on Count II (breach of fiduciary duty), Count III (breach of contract) and Count IV

---

[14] Supp. App. 242.
[15] Supp. App. 171, 178.

5

(breach of duty of good faith and fair dealing). These contentions fare no better than his previous arguments.

Williams alleged that Aetna breached its fiduciary duty to Ms. Williams under the Employee Retirement Income Security Act ("ERISA").[16] ERISA imposes duties that apply only to employee benefit programs established or maintained by an employer.[17] Here, Ms. Williams was covered by a Medicare Advantage PPO plan—not a private plan maintained by an employer. Williams argues again on appeal that while Count II sought relief under ERISA provisions, viewing the complaint and exhibits holistically should have made clear to the District Court that he was advancing a Medicare claim. But Count II only makes an ERISA claim, so the District Court did not err in granting summary judgment to Aetna on that claim.

Williams further alleged that Aetna breached its contractual duty to Ms. Williams and breached the duty of good faith and fair dealing when it ordered her moved from a skilled nursing facility to long-term care. Because these claims "arise under" the Medicare Act, Williams was required to exhaust all administrative remedies available under the Medicare appeals process before bringing suit.[18] The District Court held that Williams failed to do so, and we agree.

---

[16] Williams alleges violations of 29 U.S.C. §§ 1002, 1104, and 1132, all of which are part of ERISA. *See* App. 50–51.

[17] 29 U.S.C. §§ 1002(1), (2).

[18] 42 U.S.C. § 405(g); *Heckler v. Ringer*, 466 U.S. 602, 614–15 (1984).

6

Upon receiving an initial determination on an application for benefits, a beneficiary must traverse four levels of administrative review before a district court has subject-matter jurisdiction to review a Medicare coverage decision: (1) a request for redetermination by a State Quality Improvement Organization contracted by the Centers for Medicare Studies (CMS); (2) a reconsideration request to a Qualified Independent Contractor contracted by CMS; (3) a hearing before an Administrative Law Judge for the Office of Health and Medicare Appeals; and (4) a review by the Medicare Appeals Council.[19]

Williams exhausted only the first three levels of administrative review. Though he requested that the Medicare Appeals Council review his claim, Williams did not provide the District Court with any evidence that he received an adverse final decision. Because Williams failed to exhaust all administrative remedies during the appeals process, the District Court correctly held that it did not have subject-matter jurisdiction over his claims for breach of contract or breach of the duty of good faith and fair dealing.[20]

V.

For the foregoing reasons, we will affirm the District Court's ruling.

---

[19] *See* 42 C.F.R. § 405.904(a)(1).

[20] The District Court concluded that even if Williams had properly exhausted these state-law claims, they would have been preempted by federal law. However, because we agree that the District Court did not have jurisdiction over these claims, we decline to reach the issue of preemption.